This case is before the court on plaintiffs motion of April 4, 1978, to reopen and to permit the trial judge to make specific new recommendations on damages to amend the court’s judgment of January 26, 1977, 212 Ct. Cl. 451, 549 F. 2d 753 (1977), and upon the defendant’s cross-motion of May 1, 1978, to reopen the entire back pay computation to allow defendant to introduce a certain Civil Service Commission regulation pertaining to the alleged failure of plaintiff to mitigate the damages.
In the aforesaid judgment, the court agreed with the finding and recommendation of the trial judge that plaintiff was entitled to back pay for an illegal discharge in the sum of $57,182.75, less offsets, for the period from June 12, 1959, to July 25, 1970. The court also entered judgment for plaintiff, with the amount to be computed under the procedures of Rule 131(c), for the period July 25, 1970, to the date of that judgment, January 26, 1977. The court stated, "no relief will be forthcoming beyond the payment of sums that have been or will be found properly owing in proceedings under Rule 131(c) to date of this judgment.”
Under customary and routine procedures, the General Accounting Office computed the amount of recovery, liability having been established in plaintiffs favor. 191 Ct. Cl. 471, 423 F. 2d 1379 (1970). The GAO submitted a computation under date of November 23, 1970, which was the one cited by the trial judge and adopted by him and by the court in the aforesaid sum of $57,182.75. Plaintiff now rejects the accuracy of that computation, and although it is late we grant her leave to do so. Rule 152. The parties will now proceed under Rule 131(c)(2) to prove damages within the guidelines of this order and the opinions of the court in this case. The court will entertain only a correction of technical errors in the GAO report which were erroneous at the time the final decision on damages based thereon was entered on January 26, 1977. However, we further limit the adjustments to those under regulations and statutes then in effect and applicable to the back pay period for which recovery has been granted.
Defendant’s cross-motion to reopen seeks a broader reopening of the judgment than requested by plaintiff. Defendant relies on a regulation, 5 C.F.R. § 550.804(0(1976), pertinent to the Back Pay Act, 5 U.S.C. § 5596 (1976), and upon the Federal Personnel Manual, FPM *667 Supplement 990-2, Installment 31, Subchapter 8 (Jan. 21, 1969), the latter stating:
h. Mitigation of damages. * * * failure to seek reemployment may be a basis for deleting a period of unjustified separation from computation * * * and the agency determines that the efforts of the employee to seek reemployment following the erroneous separation were not sufficient to warrant payment of back pay for the period of separation. [§ S8-5h.] [Emphasis supplied.]
Defendant emphasizes the importance of mitigation of damages by plaintiff in this case by telling us that plaintiffs gross back pay during the period 1959-77 approximates over $218,000, subject only to a deduction of $39,000 for outside earnings, and that plaintiff has received in the period 1954-77 over $108,000 in tax-free, VA disability pension, and continues to receive over $9,000 per year from this source, which cannot be offset under the law against the back pay award. We appreciate defendant’s concern.
What defendant’s motion seeks, basically, is a new trial on the merits predicated on authority not called to the attention of the court prior to its entry of judgment for plaintiff. The cited regulation provides that, in computing back pay due, if an employee has been restored within one year after erroneous separation, the agency may not delete any period from computation on the basis that he was under obligation to make an effort to secure other employment during the period of the unjustified personnel action, but made no such effort. Implicitly, defendant argues, this means that if more than one year elapses, as with plaintiff here, there must be such a deduction if adequate reemployment effort was not shown. However, the Manual quoted above, cited by defendant, clearly uses the word "may” in this connection, leaving the matter wholly permissive or discretionary with the agency. We find nothing which makes it mandatory for the court to permit defendant’s motion. The trial judge gave careful attention to the mitigation factor and in his opinion and findings, adopted by the court, relied on well-established authority that, "An illegally discharged employee will not be denied his back salary for failure to work during periods when his time is reasonably consumed in prosecuting appeals from such discharge.” 212 Ct. Cl. at 469, 549 F. 2d *668 at 765, citing Urbina v. United States, 192 Ct. Cl. 875, 886, 428 F. 2d 1280, 1287 (1970), a decision by the full court. Defendant continues to insist that plaintiff has delayed resolution of her case to augment the amount of her recovery. The court has considered this contention and previously found to the contrary. We will not permit this issue to be relitigated.
By the same token, plaintiff continues to insist upon her right to reinstatement, referring to some ambiguous testimony at the trial on the subject, our cases on continuing claims, and perhaps encouraged by judicially inappropriate communications from the trial judge which do not reflect the court’s interpretation of the facts of this case or the law. The court has considered the cases relied upon by plaintiff, which are inapposite because, for good and sufficient reasons, we concluded and explained in the opinion and judgment of January 26, 1977, that plaintiff was legally disqualified by waiver from insisting upon reinstatement. This precludes future assertion of any continuing claims arising from the illegal 1959 discharge or the award of back pay therefor. The court will not entertain such claims in this case. The opinion of January 26, 1977, limited all recovery in this case to the sums to be found properly owing in proceedings under Rule 131(c) which will now be further entertained by the trial judge pursuant to that opinion and this order. All claims were, and are, terminated as of the date of the 1977 judgment.
it is therefore ordered, upon consideration of the motions and responses thereto, without oral argument, that plaintiffs motion is granted and defendant’s motion is denied.